IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

KENNETH RAY JOHNSON,           §
Reg. No. 38827-177,            §
    Petitioner,            §
                 §          EP-15-CV-241-KC
                 §
v.                             §
                 §
UNITED STATES OF AMERICA,      §
    Respondent.            §

## DISMISSAL ORDER

This matter is before the Court on Petitioner Kenneth Ray Johnson's *pro se* petition under 28 U.S.C. § 2241 for a writ of habeas corpus. In his petition, Johnson, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] challenges his guilty-plea conviction and 160-month sentence for distributing methamphetamine and aiding and abetting. Johnson claims that the indictment in his criminal case fails to charge an offense, and that his prior state-court convictions do not support his punishment as a career offender. After reviewing the record and for the reasons discussed below, the Court will *sua sponte* dismiss the petition, pursuant to 28 U.S.C. § 2243.[2]

## BACKGROUND AND PROCEDURAL HISTORY

According to court records in case number 5:09-CR-43-C-16 in the United States District

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2006).

[2] 28 U.S.C. § 2243 (2012) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

Court for the Northern District of Texas,[3] on March 12, 2009, a cooperating individual ("CI") working with Texas Department of Public Safety ("DPS") officers during their investigation of drug-trafficking in and around Lubbock, Texas, made arrangements during a consensually-recorded telephone conversation with Johnson to purchase approximately one ounce of methamphetamine from him. While under surveillance by DPS officers, the CI went to Johnson's house in Levelland, Texas, with $1,400 in cash taken from the DPS imprest fund. While at the house, the CI accepted what Johnson described as one ounce of methamphetamine in exchange for $1,400 in cash. After the transfer, the CI turned the substance over to the DPS officers who forwarded it to the South Central Laboratory in Dallas, Texas, for analysis. The analysis revealed the substance sold by Johnson to the CI had a gross weight of 26.8 grams and contained 5.68 grams of actual methamphetamine.

A grand jury sitting in the Norther District of Texas, Lubbock Division, returned a 117-count superseding indictment which charged Johnson and twenty-eight other defendants with multiple drug-trafficking offenses. Johnson elected to forgo trial and pleaded guilty, pursuant to a plea agreement, to count 18 of the indictment which charged him with distributing methamphetamine and aiding and abetting:

Count 18
Distribution of Methamphetamine
(Violation of 21 U.S.C. §§ 841(a)(l), 841(b)(l)(C))
On or about March 12, 2009, at Levelland, Hockley County, Texas,
in the Lubbock Division of the Northern District of Texas, and elsewhere,
**Kenneth Ray Johnson, Teddy Ralph Johnson, and Bobby Duwayne
Froman**, defendant, did intentionally and knowingly distribute a mixture and
substance containing a detectable amount of methamphetamine, to wit:

---

[3] *See* Factual Resume 2–10, ECF No. 768, Nov. 12, 2009, *United States v. Johnson*, 5:09-CR-43-C-16 (N.D. Tex.).

approximately 26.25 grams of methamphetamine, a Schedule II Controlled Substance.

A violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(l)(C); Title 18, United States Code, Section 2; and *Pinkerton v. United States*, 328 U.S. 640 (1946).[4]

As part of the plea agreement, Johnson waived his right, with limited exceptions, to attack his sentence in a direct appeal or collateral challenge:

Johnson waives his rights, conferred by 28 U.S.C. § 1291 and l8 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. S 2241 and 28 U.S.C. S 2255. Johnson, however, reserves the right: (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment, and (b) any claims of ineffective assistance of counsel.[5]

Johnson also agreed and stipulated in the plea agreement that he was a career offender and that he would be sentenced, pursuant to United States Sentencing Guideline ("USSG") § 4Bl.l, as a career offender:

Additionally, the government agrees to forebear the filing of a 21 U.S.C. § 851 Enhancement Information predicated upon Johnson's five prior convictions for "felony drug offenses" which have become final. However, the defendant does understand and agree that these convictions, will be considered in the calculation of his USSG sentence computation. Specifically, defendant Kenneth Ray Johnson admits and acknowledges pursuant to USSG § 4B1.1 that (1) he was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction, Count 18 charging Distribution of Methamphetamine on March 12, 2009, is a felony that is a "controlled substance offense," that is, an offense under federal law, punishable by imprisonment for a term exceeding one year, that prohibits the distribution of a controlled substance, as defined in USSG § 4B1.2(b); and (3) the defendant has at least "two prior

---

[4] Superseding Indictment 23, ECF No. 587, Aug. 12, 2009, *United States v. Johnson*, 5:09-CR-43-C-16 (N.D. Tex.).

[5] Plea Agreement 6–7, ECF No. 767, Nov. 12, 2009, *United States v. Johnson*, 5:09-CR-43-C-16 (N.D. Tex.).

felony convictions" for controlled substance offenses, as that term is defined in USSG § 4B1.2(c). In this regard, the defendant admits and acknowledges that he is one and the same person who, under the name "Kenneth Ray Johnson," was on September 23, 2004, convicted of the First Degree felony controlled substance offense of Unlawful Possession With Intent to Deliver a Controlled Substance, to wit: Methamphetamine, in Criminal District Court of Dallas County, Texas, in Cause Number F0434640HL (date offense committed, March 11, 2004). Further, the defendant admits and acknowledges that he is one and the same person who, under the name "Kenneth R. Johnson," was on September 13, 2005, convicted of the First Degree felony controlled substance offense of Possession of a Controlled Substance With Intent to Deliver PG1 Methamphetamine Less Than 200 Grams But At Least 4 Grams, in the 364th District Court of Lubbock County, Texas, in Cause Number 2000-435202 (date offense committed, September 17, 2000). Thus the defendant agrees and stipulates that he is a "Career Offender" and will be sentenced pursuant to the provisions of USSG § 4B1.1 as a "Career Offender," with a Base Offense Level of 32, Criminal History Category VI, since the statutory maximum sentence for the offense of conviction is 20 years or more, but less than 25 years. See 4B1.1(b)(C).[6]

In exchange, the Government agreed that it would not bring additional charges against Johnson and that it would move to dismiss the remaining twenty-one counts against him in the superseding indictment.

At Johnson's re-arraignment, the Court found that Johnson was "fully competent and capable of entering an informed plea and that his plea of guilty [was] a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense charged in Count 18."[7] The Court accepted Johnson's plea and sentenced him to 160 months' imprisonment followed by ten years' supervised release.[8] Johnson did not appeal.

_____

[6] Plea Agreement 4–5, ECF No. 767, Nov. 12, 2009, *United States v. Johnson*, 5:09-CR-43-C-16 (N.D. Tex.).

[7] Plea Tr. 7, ECF No. 1052, Mar. 11, 2011, *United States v. Johnson*, 5:09-CR-43-C-16 (N.D. Tex.).

[8] J., ECF No. 988, Mar. 5, 2010, *United States v. Johnson*, 5:09-CR-43-C-16 (N.D. Tex.).

Johnson did file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence.[9]  In his motion, Johnson asserted that the Court violated the Double Jeopardy Clause by awarding him nine criminal history points and punishing him twice for the same conduct.  He also challenged the 160-month sentence as improperly disparate from that of his co-defendants.  The Government countered that Johnson waived his right to challenge his conviction on these grounds as part of his plea agreement.  The Court agreed that, because Johnson knowingly and voluntarily waived his right to seek post-conviction relief except on limited grounds, none of which were implicated by his double jeopardy or disparate sentence claims, those grounds were barred from collateral review.  Johnson also argued that he received ineffective assistance of counsel because his attorney (1) failed to raise a double jeopardy defense against the application of the USSG, (2) neglected to challenge his conviction for both the substantive methamphetamine offense and aiding and abetting, and (3) did not argue that Johnson's sentence was disparate from that of his co-defendants.  The Court found that it would have been futile for Johnson's attorney to have raised these objections, and concluded that his attorney was not ineffective.  Accordingly, the Court denied Johnson § 2255 relief.[10]

Johnson claimed in a subsequent § 2255 motion that he did not qualify as a career offender.[11]  According to Johnson, the Court immediately denied the motion as a second or

---

[9] Mot. Vacate, ECF No. 1049, Mar. 9, 2011, *United States v. Johnson*, 5:09-CR-43-C-16 (N.D. Tex.).

[10] Order, ECF No. 7, *Johnson v. United States*, 5:11-CV-49-C (N.D. Tex.).

[11] Mot. Vacate, ECF No. 1092, June 25, 2014, *United States v. Johnson*, 5:09-CR-43-C-16 (N.D. Tex.).

successive petition for relief.[12]   The instant petition followed.

In his petition, Johnson maintains that the indictment failed to state an offense.  He also asserts that, based on the Supreme Court's opinion in *Descamps v. United States*, 133 S. Ct. 2276 (2013), his prior state-court convictions provided an inadequate predicate for the Court to determine he was a career offender.  He asks the Court to provide him with appropriate relief.[13]

## LEGAL STANDARD

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration."[14]  To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[15]  A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[16]  By contrast, a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'"[17]  Thus, relief under § 2255 is warranted for errors that occurred at trial or sentencing.[18]  A § 2255 petitioner may only bring his motion in the district of

---

[12] Pet'r's Pet. 7, ECF No. 1-1, Aug. 19, 2015.

[13] *Id.* at 53.

[14] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[15] 28 U.S.C. § 2241(c) (2012).

[16] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[17] *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[18] *See Cox*, 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must

conviction and sentence.[19]

Section 2255 does contain a "savings clause" which acts as a limited exception to these general rules.  It provides that a court may entertain a petition for writ of habeas corpus challenging a federal criminal conviction if it concludes that filing a motion to vacate, set aside or correct sentence pursuant to § 2255 is inadequate to challenge a prisoner's detention.[20] Furthermore, a petitioner must satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at trial or sentencing in a petition filed pursuant to § 2241:

> [T]he savings clause of § 2255 applies to a claim (I) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[21]

A petitioner must prove both prongs to successfully invoke the savings clause.[22]  Thus, § 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255

---

be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

[19] *Pack*, 218 F.3d at 452.

[20] *See* 28 U.S.C. 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.") (emphasis added).

[21] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[22] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

remedy is inadequate or ineffective.[23]

      With these principles in mind, the Court turns to Johnson's claims.

## ANALYSIS

      In his petition, Johnson first challenges his guilty-plea conviction for distributing methamphetamine and aiding and abetting by attacking the validity of the indictment. Clearly, this claim relates to alleged errors which occurred before his sentencing and not to the manner in which his sentence is being executed. As discussed above, a § 2255 motion, not a § 2241 petition, "provides the primary means of collateral attack on a federal sentence."[24] A petitioner may proceed with an attack on the validity of a conviction and sentence in a § 224l petition only if he can meet both prongs of the stringent test for the § 2255(e) "savings clause."[25]

      The first prong of the test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law."[26] To meet the first prong, a petitioner must rely on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense.[27]

      Johnson fails to provide any support which satisfies this first requirement. Specifically, he does not identify a retroactively applicable Supreme Court decision which supports his claim.

---

      [23] *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

      [24] *Pack*, 218 F.3d at 451 (quoting *Cox*, 911 F.2d at 1113).

      [25] *Kinder*, 222 F.3d at 212.

      [26] *Reyes-Requena*, 243 F.3d at 903.

      [27] *Id.* at 904.

Therefore, since Johnson's claim does not meet the stringent requirements of the savings clause, the Court will not allow him to proceed with this claim pursuant to § 2241.

Johnson then argues his prior state-court convictions provided an inadequate predicate for the Court to determine he was a career offender.  Johnson relies on *Descamps v. United States*, 133 S. Ct. 2276 (2013), to support his contention that the Court should not have considered his first degree felony convictions in Cause Number F0434640HL in Criminal District Court of Dallas County, and in Cause Number 2000-435202 in the 364th District Court of Lubbock County, Texas, for unlawfully possessing methamphetamine with the intent to distribute when it determined he was a career offender.  In *Descamps*, the Supreme Court clarified the test used in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), to determine whether a prior conviction constituted a violent felony for the purposes of the Armed Career Criminal Act.[28]  However, the Supreme Court resolved *Descamps* on direct, rather than collateral review, and it did not declare that the new rule applied retroactively for a collateral attack.  A new rule of constitutional procedure decided after a defendant's conviction becomes final generally may not be applied to that defendant's case on collateral review.[29]  While there are two exceptions, *Descamps* does not fall within them.[30]  *Descamps* does not announce a new rule that places individual conduct beyond the power of the United States to punish, or that

---

[28] *Descamps*, 133 S.Ct. at 228 1-82 (holding the modified categorical approach is only appropriate for divisible statutes that set forth several offenses with discrete elements).

[29] *Teague v. Lane*, 489 U.S. 288, 310-311 (1989).

[30] *See Schriro v. Summerlin*, 542 U.S. 348, 351-352 (2004) (summarizing *Teague's* retroactivity rule).

prohibits the imposition of any type of punishment.[31]  In addition, the rule announced *Descamps* does not qualify as a "watershed rule of criminal procedure, implicating the fundamental fairness and accuracy of the criminal proceeding."[32]  Therefore, *Descamps* does not apply retroactively, and the "savings clause" is inapplicable to this claim.[33]

The Court finds, therefore, that Johnson does not rely on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense.  Since Johnson's claim does not meet the stringent requirements of the savings clause, the Court will not allow him to proceed with this action pursuant to § 2241.

Moreover, the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.' "[34]  The Court finds that Johnson's vague assertion that § 2255 is an inadequate or ineffective means of attacking his current confinement is unpersuasive.

### CONCLUSION AND ORDERS

As stated above, 28 U.S.C. § 2241 does not provide the authority for the Court to address Johnson's claims.  The Court will, therefore, dismiss Johnson's petition as frivolous, and to the extent that Johnson's petition may be construed as a § 2255 motion, the Court will dismiss it

---

[31] *Id.* at 352

[32] *Id.* (internal quotation marks and citations omitted).

[33] *Baker v. Chapa*, 578 F.App'x 464 (5th Cir. 2014).

[34] *Pack*, 218 F.3d at 452 (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

with prejudice for lack of jurisdiction.[35]   Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Johnson's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

**SIGNED** this **27**[th]  day of August 2015.

**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**

---

[35] *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997)